**UNITED STATES of America,
Plaintiff,**

v.

**Jose MACIA et al., Defendant.**

**No. 97–582CRLENARD.**

United States District Court,
S.D. Florida.

Aug. 21, 2001.

Gerardo Simms, Asst. U.S. Atty., for U.S.

Jonathan Goodman, Akerman, Senterfitt & Eidson, P.A., Jed L. Frankel, Jeremy Koss, Phillips, Eisenger, Koss, Alan Karten, for Gary L. Brown.

Roderick F. Coleman, Coleman & Associates, for Fanuil Miami, LLC.

### ORDER RE: PENDING MOTIONS

BROWN, United States Magistrate Judge.

**This matter** is before this Court on Trustee Gary L. Brown's Motion to Authorize Contract for Sale to Movant and Disapprove Contract with Fanuil Miami, LLC and Memorandum of Law filed January 9, 2001, and on Claimant's Motion to Prevent Private Sale of Realty in Violation of Applicable Federal Statute, also filed by Trustee Gary L. Brown ("Trustee"), on March 5, 2001. The Court has considered the motions, the responses and replies addressed thereto, the supplemental authorities filed by claimant (including the most recent filed July 30, 2001), and all pertinent materials in the file. In addition, a hearing was held on April 19, 2001, where evidence was presented, and argument of counsel considered.

On October 24, 2000, this Court issued an order finding that Trustee had a bona fide interest in the property at issue herein. On November 8, 2000, the Court issued an order permitting the interlocutory sale of the property. This resulted in a contract for purchase of the property for

the sum of $2,350,000.[1] The contract clearly states, on its face, that it "(g) May be subject to U.S. District Court Approval."

At the hearing before this Court it was noted that Claimant could have bid on the property but did not do so. However, the uncontroverted evidence was that Claimant had been in telephone contact with the Deputy Marshal in charge of the sale and was told that the property, which was listed on the market for $3,550,000, would sell for approximately $3,200,000. Most importantly, at least one of these conversations took place three days after the instant contract offer, but Claimant was not informed of the offer at that time. After being informed of the instant contract, Claimant has filed motions asking the Court not to approve same, and has offered to purchase the property for $2,900,000, agreeing to pay the costs of the U.S. Marshal's service in this matter, up to $50,000.

At first blush it appears obvious that the Court should reject a contract for some $550,000 less than Claimant's bid currently on the table. One wonders why the government does not have the same thought process. However, a sale was held and the Court must determine whether, to use the government's arguments, much less Claimant's, the proper procedure has been followed and the government and innocent parties have been protected.

■ The parties dispute whether or not the sale was properly conducted. Claimant argues it should have been conducted pursuant to 28 U.S.C. § 2001. The government does not dispute that it did not comply with said statute, but argues that the statute does not apply to this sale. There appears to be sound logic to Claimant's position. The question "Does 28 U.S.C. § 2001 apply to the sale of forfeited properties?" appears to be one of first impression, and the Court resolves the question in favor of the Claimant by answering it "yes ."

■ The plain language of the statute controls unless it is ambiguous. *See, e.g., Fitzpatrick v. Internal Revenue Service,* 665 F.2d 327, 329 (11th Cir.1982); *Charter Air Center, Inc. v. Florida Public Service Commission,* 503 F.Supp. 243, 244 (N.D.Fla.1980). This Court finds nothing confusing about the language contained in 28 U.S.C. § 2001. As argued by claimant, "any" means "any." Furthermore, where exceptions are noted, as is the case with the statute at issue, "the inclusion of one implies the exclusion of others." *United States v. Koonce,* 991 F.2d 693, 698 (11th Cir.1993).

Section 2001 is clearly entitled "Sale of realty generally." Subsection (a) begins: "Any realty or interest therein sold under any order or decree of any court of the United States shall be sold as a whole ... at public sale .... Such sale shall be upon such terms and conditions as the court directs." 28 U.S.C. § 2001(a). Importantly, subsection (c) states: "This section shall not apply to sales and proceedings under Title 11 or by receivers or conservators of banks appointed by the Comptroller of the Currency." 28 U.S.C. § 2001(c). Nothing therein removes this "umbrella" from covering sales of property under 21 U.S.C. § 853. Indeed, while § 853 contains some general language regarding sales of property (*see* subsection (h)), nothing in that section limits, addresses, or eliminates the applicability of 28 U.S.C.

---

1. The contract was made an exhibit at the hearing. It was mostly illegible and the Court requested, and received, a more legible copy sometime thereafter.

§ 2001. Perhaps the reason for this is that § 853 applies to procedures directed by the Attorney General. In this case, the sale was to take place pursuant to Court order.

 The government nevertheless argues that this sale was appropriate under 21 U.S.C. § 853. Even if it were, under § 853(g), sale of a forfeited property should be done "to protect the interest of the United States." How a sale for $2,350,000 protects that interest when Claimant is willing to pay substantially more is not addressed by the government, and remains a mystery to this Court. Of even more importance, 21 U.S.C. § 853(h) directs the government to make "due provision for the rights of any innocent persons." The Claimant argues that the proposed sale will, essentially, wipe out the Claimant's bona fide interest. There is no evidence to the contrary. Therefore, the Court can find no basis for approving the pending contract.

The prospective purchaser argued that it has taken steps to make the property saleable, allegedly based on some nebulous representation that it was told that the provision of the contract making it subject to Court approval is of little consequence. The age old axiom "caveat emptor" comes to mind. It is not lost on this Court that, immediately after this contract was made, the property went back on the market for $3,750,000.

Therefore, the Court declines to approve the contract with Fanuil Miami, LLC. However, if this Court were to grant Claimant's other motion, it would be sanctioning the very action. Claimant condemned in his motion to prevent the sale to Fanuil Miami, LLC. To approve a contract with Claimant would also violate § 2001.

The Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Claimant's Motion to Prevent Private Sale of Realty in Violation of Applicable Federal Statute is **GRANTED.**

2. Trustee's Motion to Authorize Contract for Sale to Movant and Disapprove Contract with Fanuil Miami, LLC is **DENIED** as to the Motion to Authorize Contract for Sale to Movant, and **GRANTED** as to the Motion to Disapprove Contract with Fanuil Miami, LLC.

3. The government is directed to re-offer the property for sale in compliance with 28 U.S.C. § 2001.[2]

---

**2.** This Court recognizes that this statute also makes provision for a private sale. There are

requirements attendant to that procedure that must be met, if that is the government's wish.